L. Barron Hill, J.
In tbis action plaintiff seeks compensatory and punitive damages charging the defendant with slander.
The residents of the hamlet of Holtsville were considering building an addition to the local public school. At a meeting of the P. T. A. called for the purpose of discussing the new proposed school building, defendant rose to speak; before he could be heard a motion was made and passed to adjourn, thereby preventing defendant from stating his views and resulting in what is best described as a “ Donnybvook ”.
Thereafter, the P. T. A. members adjourned to the usual coffee and cake session where the discussions so suddenly interrupted at the meeting continued in small groups.
*219 Defendant has been for many yeprs the town’s self-appointed censor; he examined the school’s financial records regularly; he visited the Commissioner of Education at Albany to get information to prove his theories of school planning; he also published a newspaper occasionally in order to circulate his views. During these discussions or conversations, defendant, in answer to plaintiff’s questions as to why defendant was against the proposed new school, replied ‘£ that the only reason you are for the auditorium is that you will get the eleptrieal contract. You know damn well you’ve got it all sewed up ”. Plaintiff replied ££I will see you in court”. Plaintiff’s wife shouted from another part of the room “Now you have got him ”.
Defendant is a house to house salesman; plaintiff an electrical contractor who has done work for the Holtsville School Board on the school buildings.
Plaintiff claims in this action that the words £ £ that the only reason you are for the auditorium is that you will get the contract. You know damn well you’ve got it all sewed up ” are slanderous per se, on the ground that plaintiff could not obtain a public school contract for an amount in excess of $1,000 without advertising and without public’ bids.
The Holtsville School District has not voted any new school construction and there is no electrical contract to be had at the school for an amount in excess of $1,000.
Plaintiff does not claim any special damages and the trial reveals that plaintiff’s reputation was not injured by statements of the defendant.
Whether the statements made by the defendant are slanderous or not must be considered in the setting and under the circumstances in which they were uttered and whether the innuendo charged necessarily follows: “ £ “ is defamatory — that is, actionable without allegation or proof of special damage — if it tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number in the community, even though it may impute no moral turpitude to him” * * * ’ It is for the court, however, to decide whether a publication is capable of the meaning ascribed to it. (Crane v. New York World Tel. Corp., 308 N. Y. 470, 479-480; Julian v. American Business Consultants, 2 N Y 2d 1, 14.) ” {Tracy v. Newsday, 5 N Y 2d 134, 135-136.)
Plaintiff charges here that defendant meant to convey that plaintiff had conspired with a member or members of the school board to obtain an illegal contract. In Tracy v. News day, Inc. {supra, p. 136) the court said: “ The innuendo, therefore, *220 may not enlarge upon the meaning of words so as to convey a meaning that is not expressed”.
Applying the above principles to the statements made by defendant to plaintiff, I am compelled to find them nonslanderons per se.
The complaint, therefore, is dismissed.